# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES SHALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 C 3380 |
| v. | ) |
| | ) Wayne R. Andersen |
| MEYER MATERIAL COMPANY, | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Plaintiff James Shales to remand this case to the Circuit Court of Kane County, Illinois. For the following reasons, the motion to remand is denied.

## BACKGROUND

On May 22, 2006, Plaintiff filed a complaint against Defendant Meyer Material Company ("Defendant") in the Circuit Court for the 16th Judicial Circuit, Kane County, Illinois. The Complaint alleges that Defendant discharged Plaintiff from employment in retaliation for his filing of two workers' compensation claims. The Complaint also alleges that Defendant failed to re-hire Plaintiff pursuant to his right to return to work under the seniority provisions of the collective bargaining agreement between Defendant and Plaintiff's union, International Brotherhood of Teamsters, Local 330. Complaint, ¶¶ 7, 17-19. The Complaint seeks an injunction to restore Plaintiff to his former job because Defendant allegedly violated the terms of the collective bargaining agreement. Complaint, ¶ 19. Finally, the Complaint contains a breach of contract count alleging that Defendant's actions in denying Plaintiff the right to return to work violate the terms of the collective bargaining agreement and the public policy of the State of

Illinois. Complaint, ¶ 19.

Plaintiff asserts in his Complaint that, at all relevant times, there was a collective bargaining agreement in effect governing Plaintiff's employment between Plaintiff's union, Teamsters Local 330, and Defendant. Complaint, ¶7. That agreement contains the following provision, which Plaintiff quotes in his Complaint:

> In the case of proven sickness or injury, an employee shall be continued on the seniority list for a period of two years, except employees having one or more years of continuous service shall be continued on the seniority list for a period of five years (5) years; provided, however, that he must report for availability for work within seven (7) days after the termination of such proven disability or sickness.

Complaint, ¶ 7.

Plaintiff also alleges in his Complaint that he suffered an injury while working for Defendant, subsequently underwent a program of vocational rehabilitation, and eventually accepted new employment in August of 2005 with School District 95 as a school bus driver. Complaint, ¶¶ 2-6. Following his acceptance of new employment, Defendant discharged Plaintiff on August 22, 2005. Complaint, ¶ 10. Plaintiff further alleges that in early 2006, he sought to return to Defendant "in accordance with *[inter alia]* ... [his] contractual rights under the collective bargaining agreement ...." Complaint, ¶ 14. Defendant denied Plaintiff's request to return. Complaint, ¶ 15.

Premised on the contractual provision quoted above, Plaintiff claims, among other things, as follows:

> 19. The actions of Defendant MEYER MATERIAL COMPANY, in denying [Plaintiff] the right to return to work violate[d] the terms of the collective bargaining agreement ... as set forth above.

Complaint, ¶ 19.

2

Defendant removed the case to this Court asserting federal question jurisdiction over the subject matter of the Complaint. Defendant argues that the adjudication of Plaintiff's claims will require the application and interpretation of the terms of the collective bargaining agreement governing Plaintiff's employment and, thus, §301 of the Labor Management Relations Act, 29 U.S.C. §185(a), confers jurisdiction upon this Court.

Plaintiff has filed a motion to remand this case back to the Circuit Court of Kane County, Illinois. Plaintiff's sole argument in support of the motion to remand is that "[t]he instant case is not a case in which Local 130 [sic] is a party nor is there any other basis for federal jurisdiction contained in defendant's notice of removal or in plaintiff's complaint." Remand Motion, ¶ 14.

## DISCUSSION

A defendant may remove a case to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

I.  The Plain Language of §301 Does Not Require a Labor Union to be a Party

Plaintiff argues that in order for federal jurisdiction to exist in this case, the Plaintiff's union, Teamsters Local 330, must be a party to the action. Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, states as follows:

§ 185. Suits by and against labor organizations.

> (a) Venue, amount, and citizenship. Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without

3

regard to the citizenship of the parties.

29 U.S.C. §185(a).

As the plain language of §301 demonstrates, the statute does not provide jurisdiction for suits only *between* labor unions and employers. Rather, it provides federal jurisdiction for "[s]uits for *violation of contracts* between an employer and a labor organization." 29 U.S.C. §185(a) (emphasis added). In this case, Plaintiff has specifically asserted that there is a collective bargaining agreement in effect between his labor union, Teamsters Local 330, and Defendant which governed Plaintiff's employment with Defendant. Complaint, ¶7. Moreover, by his own admission, Plaintiff acknowledges that this is an action for "violat[ion] [of] the terms of the collective bargaining agreement." Complaint, ¶19. In his remand motion, Plaintiff further asserts that Defendant violated the terms of the labor agreement by arguing: "When Plaintiffs rehabilitation progressed far enough to return to work for defendant, he sought to return to work *pursuit [sic] to the terms of the collective bargaining agreement.*" Plaintiff's Motion to Remand, ¶11 (emphasis added). As a simple review of Plaintiff's own words and the plain language of §301 demonstrates, jurisdiction is proper under §301 because, when this case is stripped to its essential elements, Plaintiff's case is a suit for violation of a contract between an employer and a labor organization. See 29 U.S.C. § 185(a).

    B.    Case Law Dictates That a Labor Union Need Not Be a Party for Proper §301 Jurisdiction Since the Only Requirement is That a Labor Agreement's Provisions Be at Issue

In addition to the provisions of § 301, case law also supports the premise that the presence of Teamsters Local 330 as a party is not necessary to establish federal jurisdiction. *See, e.g., Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202 (1985) (labor union not a party and court held that Plaintiff's state law tort claims were preempted by §301). Rather, where the "heart of the

4

[state law] complaint [is] a ... clause in the collective bargaining agreement, that complaint arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). As the Seventh Circuit has stated "if it is necessary to interpret express or implied terms of the CBA [collective bargaining agreement], a state law claim is completely preempted by §301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove." *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 499 (7th Cir. 1996).

In this case, Plaintiff has alleged in his Complaint that he had a right to return to work following his termination "pursu[ant] to the terms of the collective bargaining agreement." Complaint, ¶ 14. Plaintiff further alleges in the Complaint that "in denying [Plaintiff] the right to return to work [Defendant] violate[d] the terms of the collective bargaining agreement." Complaint, ¶19. The rights Plaintiff seeks to enforce emanate directly from the collective bargaining agreement; indeed, he quotes the exact language of the agreement. See Complaint, ¶7.

In *Lingle v. Norge Division of Magic Chef, Inc.*, a case cited by Plaintiff, the United States Supreme Court held that retaliatory discharge actions under Illinois law are not always preempted by §301. *Lingle*, 486 U.S. 399, 403 (1988). However, in that case, the Court held that a retaliatory discharge claim is not preempted only "as long as the state-law claim can be resolved without interpreting the agreement itself." *Lingle*, 486 U.S. at 410. After *Lingle*, the Seventh Circuit has recognized that a retaliatory discharge claim under Illinois law may still be preempted when, as in this case, the claim alleges a breach of the collective bargaining agreement and requires interpretation of contractual terms. *See Marzuki v. AT & T Technologies*, 878 F.2d 203, 206 (7th Cir. 1989).

In the instant case, Plaintiff has explicitly alleged that Defendant violated the collective

5

bargaining agreement by retaliating against him and failing to re-hire him. Complaint, ¶19. Such claims cannot be resolved without interpretation of the agreement because Plaintiff is admittedly trying to enforce the provisions of that agreement. Complaint, ¶19. Thus, Plaintiff's case requires the Court to analyze the seniority provisions of the contract to determine what, if any, rights Plaintiff had to return to work. This is exactly the type of contract interpretation that Section 301 requires the federal courts to make. Thus, the statute and case law compel federal jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, we deny the motion of Plaintiff, James Shales, to remand this case to the Circuit Court of Kane County, Illinois (#10). This case is set for status February 8, 2007 at 9:00 a.m.

It is so ordered.

Wayne R. Anderson
United States District Court

Dated: January 11, 2007